SIGNED.

Dated: September 29, 2011

*James M. Marlar*

**James M. Marlar, Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PATRICK A. BECK and PRISCILLA J. BECK,<br>        Debtors.<br><br>JAVIER G. CAMPOS,<br>        Plaintiff,<br>vs.<br>PATRICK A. BECK and PRISCILLA J. BECK,<br>        Defendants. | Chapter 7<br><br>Case No. 4:11-bk-06633-JMM<br><br>Adv. No. 4:11-ap-00709-JMM<br><br>**MEMORANDUM DECISION** |

    Before the court is Defendants' motion to dismiss this adversary proceeding for lack of proper service (ECF No. 7), Plaintiff's response (ECF No. 9), and Defendants' reply (ECF No. 14) thereto.

    It is undisputed that service of the summons and complaint was defective. The issue is whether good cause exists and/or whether the court should exercise its discretion to grant the Plaintiff additional time for service of an alias summons and complaint.

    A hearing was held on the motion at which Plaintiff was represented by Charles Slack-Mendez, Esq. ("Counsel") and Debtors were represented by Michael M. Neal, Esq. After consideration of the pleadings, argument and the law, the court decides in Plaintiff's favor and denies dismissal.

# **FACTS AND PROCEDURAL HISTORY**

Patrick and Priscilla Beck ("Debtors" or "Defendants") filed a chapter 7 petition on March 15, 2011. The deadline to file nondischargeability complaints was July 15, 2011. On April 9, 2011, Javier Campos ("Plaintiff"), represented by Counsel, filed a complaint which alleged that an approximate $20,000 debt arising from a transaction between Plaintiff and Debtors was nondischargeable.

After this complaint was filed, Plaintiff had 120 days to serve the summons and complaint. FED. R. BANKR. P. 7004(a)/FED. R. CIV. P. 4(m). The 120-day period expired on August 8, 2011.

In addition, the rules require that the summons must be served/delivered within 14 days after the summons is issued. FED. R. BANKR. P. 7004(e). "If the summons is not timely delivered or mailed, another summons shall be issued and served." Id. The replacement, or "alias" summons must also be served within 14 days of its issuance. Id. Thus, a plaintiff could have an opportunity to serve an alias summons prior to expiration of the 120-day period.

In this court, the clerk's office generally issues the summons electronically to those parties who are represented by counsel. Plaintiff's counsel typically obtains a copy of the summons by printing it from the docket, and then delivers or serves that copy. In this case, the summons was issued electronically on April 13, 2011.

Counsel has filed many chapter 7 cases on behalf of debtors over a period spanning several years, up to the present. See ECF No. 14, Debtors' Reply at 3 n.1. Until now, however, he asserted he has not filed an adversary complaint in any of those chapter 7 cases.

Counsel alleged that due to his unfamiliarity with the summons procedure, he mistakenly expected to receive a "stamped" copy of the summons from the court. Nearly two months passed after the summons issued on April 13, 2011, when, on June 7, 2011, Counsel called the clerk's office and was told to print the summons and that it could be mailed out after printing. Counsel then printed and mailed the summons and complaint on that day, June 7, 2011, still within

2

Case 4:11-ap-00709-JMM    Doc 16    Filed 09/29/11    Entered 10/03/11 07:17:09    Desc
Main Document - Motion to Dismiss Complaint    Page 2 of 8

the 120-day period. Counsel alleged that he mistakenly believed that June 7th was the day of issuance.

Defendants answered the complaint on July 5, 2011, within 30 days of the mailing of the summons and complaint. FED. R. BANKR. P. 7012(a). They generally denied the allegations in the complaint and raised the affirmative defenses under FED. R. BANKR. P. 7012(b) and FED. R. CIV. P. 12(b)(2-7).

On August 23, 2011, 15 days after the expiration of the 120-day period, Defendants filed the subject motion to dismiss. Plaintiff opposed the motion. A hearing was held at which time the court heard argument from counsel on both sides and took the matter under advisement.

## **ISSUE**

The issue is whether Plaintiff should be now be permitted to obtain and serve an alias summons, under FED. R. BANKR. P. 7004(e), notwithstanding the fact that 120 days have elapsed since the filing of the complaint.

## **LAW AND ANALYSIS**

Defendants contend that Plaintiff served a summons upon them which was invalid under FED. R. BANKR. P. 7004(e), and therefore the complaint was not duly served within the 120-day deadline.

FED. R. BANKR. P. 7004(e) provides:

(e) Summons: time limit for service within the United States

Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F. R. Civ. P. shall be by delivery of the summons and complaint within 14 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 14 days after the summons is issued. If a summons is not timely delivered or mailed, another summons shall be issued and served. This subdivision does not apply to service in a foreign country.

3

The bankruptcy rules and the federal rules of procedure, which are incorporated into the bankruptcy rules, establish personal jurisdiction over a defendant. See In re Pintlar Corp., 133 F.3d 1141, 1146 n.3 (9th Cir. 1998). To determine whether service and service of process were proper for the purposes of both FED. R. CIV. P. 12(b)(4) and (b)(5), courts look to the requirements of FED. R. BANKR. P. 4. See 5B Charles Alan Wright, et al., FED. PRAC. & PROC. CIV. § 1353 (3d ed.). Thus, service of an expired summons is a nullity and insufficient to subject a defendant to the bankruptcy court's jurisdiction. See FED. R. BANKR. P. 7012(a) (a defendant shall answer a "duly served" complaint).

Defendants pleaded the affirmative defenses of FED. R. CIV. P. 12(b)(4) (insufficient service) and FED. R. CIV. P. 12(b)(5) (insufficient service of process) in their answer, thereby preserving the defense of lack of proper service. FED. R. BANKR. P. 7012/FED. R. CIV. P. 12(h)(1).

As a threshold matter, the court rejects Plaintiff's argument that Defendants waived the defense of ineffective service because their answer failed to raise the specific FED. R. BANKR. P. 7004(e) violation. That issue was part of the larger issue of failure to duly serve the complaint within 120 days.

Service under FED. R. CIV. P. 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks omitted).

Plaintiff contends that "good cause" exists to allow Plaintiff an opportunity to remedy the service error. The time for service in an adversary proceeding may be extended under two different rules: FED. R. CIV P. 4(m) (made applicable by FED. R. BANKR. P. 7004(a)), and FED. R. BANKR. P. 9006(b).

FED. R. CIV. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under rule 4(f) or 4(j)(1).

It is Plaintiff's burden to show good cause under FED. R. CIV. P. 4(m). Id.; see also In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001); Lepone-Dempsey v. Carroll County Com'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

Rule 4(m) requires a two-step analysis. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has broad discretion to dismiss without prejudice or to extend the time period. Sheehan, 253 F.3d at 512-13.

The Ninth Circuit has held that *at a minimum*, "good cause" means "excusable neglect" and that the excusable neglect standard of FED. R. BANKR. P. 9006(b),[1] governing the enlargement of time, also applies to the 120-day period for service of the summons provided in FED. R. CIV. P. 4(m). Sheehan, 253 F.3d at 515.

Under FED. R. CIV. P. 4(m), a plaintiff may also be required to show: (a) the defendant received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if the complaint were dismissed. Boudette v. Barnette, 923 F.2d 754, 756 (9th Cir. 1991) (discussing standard under former Rule 4(j)); see also Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (reciting factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service") (citation omitted).

Here, it is clear that Debtors had actual notice of the lawsuit because they received the summons and complaint, *albeit* defectively within the 120-day period, on June 7, 2011, and Debtors timely answered within the 120-day period, as well. Debtors would not suffer prejudice by enlarging the service time for Plaintiff. Prejudice in this context contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent Debtors from

---

[1] FED. R. BANKR. P. 9006(b) provides, in pertinent part:

(1) Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

presenting their case. See In re Barr, 217 B.R. 626, 631 (Bankr. W.D. Wash. 1998). On the other hand, Plaintiff would be severely prejudiced if the nondischargeability complaint were dismissed, because it would be time-barred. See Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009) (holding relief was appropriate under FED. R. CIV. P. 4(m) in light of the plaintiffs being time-barred from refiling their action).

Therefore, the court determines that good cause exists to grant Plaintiff an extension for proper service. Additionally, the court would exercise its discretion to grant the motion.

The Ninth Circuit has not identified a specific test for the application of its discretion under FED. R. CIV. P. 4(m), except to say that it is "broad." Sheehan, 253 F.3d at 507. Since the Ninth Circuit has also held that "good cause" is, at a minimum, "excusable neglect," the excusable neglect analysis would be appropriate under FED. R. CIV. P. 4(m) or, alternatively, as a FED. R. BANKR. P. 9006(b) excusable neglect analysis based on the arguments of counsel. See Sheehan, 253 F.3d at 515; Lemoge, 587 F.3d at 1198 n.3 ("Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect.").

The Supreme Court's four-part balancing test is applied for determining whether there has been "excusable neglect." The Pioneer factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the moving party acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 1498, 123 L.Ed.2d 74 (1993). The determination of whether excusable neglect exists is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. Clients are to be held accountable for the acts and omissions of their attorney. Pioneer, 507 U.S. at 396-97, 113 S.Ct. at 1499.

Again, on these facts there is a lack of prejudice to Debtors. Merely being forced to litigate on the merits is not prejudicial in this context. See Lemoge, 587 F.3d at 1196. There is a greater prejudice to Plaintiff if the complaint is dismissed, since the filing deadline has passed. The delay in prosecution is not significant, since Debtors already answered the complaint, and a continuation of the action would simply be a matter of technical compliance.

With regard to the reason for the delay, this factor weighs in Debtors' favor. Counsel's only excuse for his lack of proper service is that he was unfamiliar with the electronic summons procedure in bankruptcy court. He could have consulted with a bankruptcy practitioner or asked the clerk's office about it. He should have monitored the docket to know when the summons was electronically issued, instead of waiting two months (April to June) for a summons to be sent to him.

Yet, Pioneer foreclosed any per se rule against "mistakes construing the rules." The Supreme Court held:

> Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant."

Pioneer, 507 U.S. at 392, 113 S.Ct. at 1497 (footnote and citations omitted).

> As then explained by the Ninth Circuit Court of Appeals:
> [U]nder Pioneer, the correct approach is to avoid any per se rule against mistakes construing the rules. Pioneer cautioned against "erecting a rigid barrier against late filings attributable in any degree to the movant's negligence." 507 U.S. at 395 n. 14, 113 S.Ct. 1489. There should similarly be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of Pioneer's equitable factors to the discretion of the district court in every case.

Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004), cert. denied, 544 U.S. 961, 125 S.Ct. 1726, 161 L.Ed.2d 602 (2005).

Lastly, there is no evidence of bad faith on the part of Counsel. As soon as he learned that he should print the summons himself and serve it, he did so. While Debtors maintain that Counsel failed to act diligently in inquiring about the status of the summons until *after* the bar date for nondischargeability complaints had passed, the Court finds that Counsel's confusion and delay was consistent with his mistaken beliefs.

After considering all the relevant circumstances of this case, including the Pioneer factors, the court finds that excusable neglect was present. Pioneer, 507 U.S. at 395, 113 S.Ct. at 1489.

7

## **CONCLUSION**

Good cause exists to extend the FED. R. BANKR. P. 4(m) time period for proper service of the summons and complaint. Alternatively, the court in its discretion finds that the time period should be enlarged based on an excusable neglect standard, after considering all relevant circumstances.

By separate judgment, Plaintiff will be given 14 days from entry of this order to obtain an alias summons and effectuate proper service of the summons and complaint, unless the parties stipulate that doing so would only unnecessarily delay these proceedings. Defendant's Answer will be deemed already filed upon the date of such service, and a trial scheduling order will then be issued.

DATED AND SIGNED ABOVE.

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

All parties to this Adversary Proceeding